IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR137 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| MICHAEL TOBIN, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections to the PSR (Filing No. 90), and the Defendant's motion for a downward departure, deviation or variance (Filing No. 91) supported by a brief (Filing No. 92). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## ¶ 45 - Firearm Enhancement

The plea agreement states the parties' agreement that the Defendant did not possess a firearm or dangerous weapon in connection with the offense and should not receive an enhancement under U.S.S.G. § 2D1.1(b)(1). The PSR applies the enhancement in ¶ 45. The Defendant's objection to ¶ 45 is granted, and the plea agreement will be upheld.

## ¶¶ 62 & 63 - Criminal History; Related Cases; Not Represented by Counsel

The Defendant objects to the 3 criminal history points assessed for the offense described in ¶ 63, arguing that the offenses set out in ¶¶ 62 and 63 are related. However, U.S.S.G. § 4A1.2(a)(2) states that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the

defendant is arrested for the first offense prior to committing the second offense). The offenses in ¶¶ 62 and 63 were separated by an intervening arrest. Therefore, these offenses are not "related" offenses. This portion of the objection is denied.

The Defendant argues that he was not represented by counsel at sentencing with respect to the convictions set out in ¶¶ 62 and 63. The probation officer stated in the Addendum to the PSR that records reflect that the Defendant was represented by a public defender in both cases. This issue will be heard at sentencing. It should be noted that once the government proves the fact of the conviction, the Defendant has the burden of showing that he was not represented by counsel. *United States v. Evans,* 285 F.3d 664, 674 (8th Cir. 2002). Also, the Court notes that the Defendant does not argue that his prior offenses were uncounseled convictions; rather, he argues that he was not represented at sentencing in both prior offenses. If this issue is pursued at sentencing, and if the Defendant's argument relates only to the lack of representation at the sentencing stage with respect to the prior offenses, the Court will require the Defendant to produce legal authority specifically addressing a situation in which a defendant had a counseled conviction, did not have representation at sentencing, and did not waive representation at sentencing.

*¶ 65 - Criminal History*

The Defendant argues that because the prior offense is an infraction under Nebraska law it should not be counted. This argument has been rejected by the Eighth Circuit. *United States v. Jenkins,* 989 F.2d 979, 979-80 (8th Cir. 1993) (addressing Nebraska convictions for possession of less than one ounce of marijuana, for which the defendant received fines). The objection is denied.

***¶¶ 27-35, 37, 67, 76, 77 and 79 - Factual "Allegations and Conclusions"***

The significance of these objections was not discussed as required by ¶ 6 of the Order on Sentencing Schedule. Therefore, the Court denies the objections.

***Downward Departure, Deviation or Variance***

The Defendant's motion will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 90) are granted as to ¶ 45. The objections to ¶¶ 62 and 63 will be heard only insofar as the issue of representation, and otherwise these objections are denied. All remaining objections are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6.     The Defendant's motion for downward departure, deviation, or variance (Filing No. 91) will be heard at sentencing.

DATED this 1st day of December, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

4